### WARE *v.* THE STATE.

ATKINSON, J. 1. On the trial of Ben Ware, charged with the murder of George Robinson, the judge charged the jury: "The law authorizes you where you find one guilty of murder, if you see fit to do so, to recommend that he be punished by imprisonment in the penitentiary for and during his natural life, or recommend him to the mercy of the court—which means the same thing; and in that event he would not suffer the death penalty, but would be sent to the penitentiary for and during his natural life." The defendant had requested the following charge, which the judge gave immediately following the foregoing excerpt: "I charge you in the event you find the defendant guilty of murder, you have the right to recommend the defendant to the mercy of the court; in which event the death penalty would not be inflicted, but the defendant would be imprisoned in the penitentiary of Georgia for and during his natural life. And in this connection I would charge you that in the event that you do find the defendant guilty of murder, you have the right, if you have any reason for so doing, or if you think there are sufficient facts and circumstances in the case to warrant you so to do, or you can recommend him to the mercy of the court without any reason for so doing. It is a matter absolutely within your discretion and a matter that you and you only have anything to do with." *Held:* The charge was not erroneous on the grounds, as contended: (a) "That said additional charge of the court as to the right of the jury, in the event it found the defendant guilty of murder, to recommend to the mercy of the court, was a repetition and recharge of the written request of the defendant." (b) "Said additional charge on the right of the jury to recommend the defendant to the mercy of the court unduly stressed and too strongly impressed upon the minds of the jury the question of finding the defendant guilty of murder and recommending to the mercy of the court." (c) "Movant contends that the court charging the jury in addition to what was charged in said written request was a repetition and recharge of what the defendant had requested, and was hurtful and harmful to the defendant, in that said repetition and recharge was calculated to and did unduly impress upon the minds of the jury that it should find the defendant guilty of murder and recommend the defendant to the mercy of the court, rather than find the defendant guilty of voluntary manslaughter, the defendant, as a matter of fact, having requested the court, in writing, to also charge the jury the law of voluntary manslaughter, and the court having so charged as requested." (d) "Movant contends further that the repetition by the court, and the court telling the jury for the second time that it might find the defendant guilty and recommend him to the mercy of the court was error and harmful and hurtful to the defendant, because such recharge laid too much stress and unduly stressed before the jury the fact that the jury might find the defendant guilty and recommend him to the mercy of the court, rather than find the defendant guilty of voluntary manslaughter or not guilty."

2. The evidence was sufficient to support the verdict finding the defendant guilty, and the judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 4551. APRIL 15, 1925.

Murder. Before Judge Wright. Floyd superior court. September 16, 1924.

*Porter & Mebane,* for plaintiff in error.

*George M. Napier, attorney-general, E. S. Taylor, solicitor-general, T. R. Gress, assistant attorney-general,* and *J. F. Kelly,* contra.